ALD-301                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1613
_____

GARY WALKER,
                                         Appellant

v.

R. SETH WILLIAMS, Of Philadelphia
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-01567)
District Judge: Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: June 28, 2016)
_____

OPINION*
_____

PER CURIAM

   Appellant Gary Walker appeals from a district court order granting Appellee's

motion to dismiss.  Because we conclude that this appeal presents no substantial question,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

we will summarily affirm the District Court's judgment.  See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Walker is a prisoner convicted of first degree murder, acting pro se, who is incarcerated at Retreat SCI.  He filed an action under 42 U.S.C. § 1983, arguing that the District Attorney, R. Seth Williams, deprived him of his procedural due process rights guaranteed by the Fourteenth Amendment because he was denied access to evidence for purposes of DNA and ballistics testing.  Williams filed a motion to dismiss the complaint on multiple grounds.  The District Court ruled in favor of Williams and dismissed Walker's claims on the grounds that they were foreclosed by both the statute of limitations and the Rooker-Feldman doctrine.[1]  Walker now appeals the District Court's order.

II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting the motion to dismiss the complaint as barred by the statute of limitations.  Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997).  We may take summary action where an appeal "does not present a substantial question."  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We may affirm on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Walker's claims against Williams were properly dismissed. As the District Court ably explained, Walker brings the present action claiming that his procedural due process rights were violated by the denial of access to the items requested for post-conviction testing, and seeking production of the items sixteen years after they were seized by the police. The Pennsylvania statute of limitations for personal injury claims applies when the underlying cause of action is for a constitutional violation of procedural due process. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). That period is two years in Pennsylvania. 42 Pa. Cons. Stat. § 5524. Thus, Walker's claim is treated as a personal injury claim under § 1983 and is subject to Pennsylvania's two-year statute of limitations. Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985). The date on which the applicable statute of limitations tolls is "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp., 142 F.3d at 599.

However, Walker initiated this action well beyond the two-year statute of limitations during which time he was permitted to bring such a claim. He filed the instant civil rights suit in the District Court on or around March 26, 2015.[2] However, Walker has admitted that he made a request to his counsel during trial in 1997 that DNA testing of his clothes be conducted, discussing it "numerous" times. E.D. Pa. Case No. 15-1567, Docket No. 8 at 2. He had also requested ballistics testing on his firearm by June 30,

---

[2] While the Complaint was not docketed until April 14, 2015, it was marked "received" on March 26, 2015. Prisoners are entitled to the benefit of the "Prison Mailbox Rule," which deems a pleading filed upon delivery to prison officials. See Houston v. Lack, 487 U.S. 266, 275 (1988).

2010.  Id. at 21.  Considering the dates of these requests, the District Court correctly concluded that Walker "knew or should have known of the injury upon which its action is based" – that is, the deprivation of evidence on which his § 1983 claim is predicated— well over two years before March of 2015, when he filed the present § 1983 suit.[3]  Thus, Walker's claim is time-barred under Pennsylvania's two-year statute of limitations, and the District Court properly dismissed the Complaint on this ground.[4]

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting Williams's motion to dismiss.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Walker's Argument in Support of Appeal does not address the statute of limitations issue.

[4] Because we affirm dismissal on this ground, we need not consider the District Court's other basis for dismissal.